UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**VIFRANCIS VIRGILIO and BRIAN GRASER, individually and on behalf of those similarly situated,**

Case No.:

    Plaintiffs,

vs.

**FTD, LLC,**

    Defendant.    /

**COMPLAINT & DEMAND FOR JURY TRIAL**
**(Collective Action Complaint)**

Plaintiffs, VIFRANCIS VIRGILIO ("VIRGILIO") and BRIAN GRASER ("GRASER") (Collectively as "Plaintiffs"), individually and on behalf of those similarly situated, were employees of Defendant, FTD, LLC, ("FTD" or "Defendant"), and bring this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

**INTRODUCTION**

1. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

1

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendant to Plaintiffs, and others similarly situated, of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs, and others similarly situated and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. The Defendant in this case, a floral delivery service, violated the FLSA by failing to pay Plaintiffs and others similarly-situated time and one half for all of their hours worked over forty (40) each week.

7. This action is intended to include each and every sales representative who worked for Defendant at any location, at any time from March 2020 to the present.

## **PARTIES**

8. Plaintiffs, and those similarly situated individuals ("class members"), earned a salary, plus the ability to earn commissions in exchange for work performed on behalf of Defendant.

9. VIRGILIO was employed by Defendant from on or about September 2019 to October 2021.

10. GRASER was employed by Defendant from on or around September 2019 to January 2022.

11. Defendant, FTD, is a Foreign Limited Liability Company servicing its customers throughout the United States.

12. FTD "has been a leader in the floral industry for over a century." See Defendant's website, available at http://www.ftdcompanies.com/about.

## JURISDICTION AND VENUE

13. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

14. Defendant, FTD, operates globally including in several states nationwide, and is incorporated in Cook County, Illinois where it maintains substantial operations, therefore venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

15. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

16. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

17. At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18. At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. computers, telephones, equipment, and/or office supplies).

## FACTUAL ALLEGATIONS

19. Defendant, FTD, is a company classified as a floral delivery service.

20. Defendant, FTD, has a common pay policy and/or pay practice which fails to pay certain non-exempt employees at a rate of time and one-half their regular rate of pay for hours worked in excess of forty (40) per week.

21. Plaintiff, VIRGILIO was an employee of FTD earning an annual salary plus the ability to earn commissions.

22. Plaintiff, GRASER was employed by FTD earning an annual salary plus the ability to earn commissions.

23. Plaintiffs were given the title of "Field Account Sales Manager" with a primary duty of sales (hereinafter referred to as "Sales Representative").

24. Plaintiffs and those similarly situated, were expected to generate sales from various floral businesses on behalf of Defendant.

25. Defendant classified Plaintiff and those similarly situated to her as exempt pursuant to the outside sales exemption of the FLSA.

26. Defendant employs a sales team made up of employees throughout the United States.

27. Plaintiffs were part of Defendant's sales team.

28. Initially, Plaintiffs and those similarly situated, performed duties on behalf of Defendant outside of the office and would visit various businesses in order to generate customers and sales on behalf of Defendant.

29. On or around March 2020, FTD required Plaintiffs and those similarly situated to, to perform their sales duties remotely from their home.

30. As of on or around March 2020, VIRGILIO began performing her sales representative duties remotely from her home in Florida.

31. As of on or around March 2020, GRASER began performing his sales representative duties remotely from his home in North Carolina.

32. On or around March 2020, Plaintiffs and those similarly situated, no longer visited businesses in order to generate customers or sales on behalf of Defendant and instead worked remotely from home.

33. On or around March 2020, Plaintiffs and those similarly situated were no longer customarily and regularly engaged away from Defendant's place of business or from the homes that they remotely worked.

34. Plaintiffs and those similarly situated continued to only perform sales duties remotely from their homes subsequent to any stay at home order related to the Covid-19 pandemic.

35. From March 2020, VIRGILIO continued performing sales duties remotely from her home on behalf of FTD through the conclusion of her employment in October 2021.

5

36. From March 2020, GRASER continued performing sales duties remotely from his home on behalf of FTD through the conclusion of his employment.

37. Defendant failed to record all of the hours worked by Plaintiffs, and those similarly situated to them.

38. VIRGILIO routinely worked in excess of forty (40) hours per week as part of her regular job duties.

39. GRASER routinely worked in excess of forty (40) hours per week as part of his regular job duties.

40. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to her, overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek when performing inside sales duties on behalf of Defendant.

41. Upon information and belief, Defendant had/has a company-wide policy of failing to pay its sales representatives (or "Field Account Managers") proper overtime compensation for all of their overtime hours worked while performing inside sales duties.

42. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated to her.

43. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

44. Defendant has acted willfully in failing to pay Plaintiff, and those similarly situated to her, in accordance with the law.

6

45. Through undersigned counsel, VIRGILIO sent a demand letter to Defendant notifying Defendant of her claim for overtime, which was delivered to Defendant on December 7, 2021 via FedEx ("Delivered Demand Letter").

46. Upon information and belief, *after* Defendant received the Delivered Demand Letter, Defendant directed GRASER and other similarly situated employees to make site visits to a few of Defendant's existing customers during one week over a 2 day period.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiffs and the class members performed the same or similar job duties as one another in that they performed sales representative duties on behalf of Defendant.

48. Plaintiffs and the class members were all hired by Defendant to perform sales representative duties on behalf of Defendant's customers.

49. Plaintiffs and the class members were paid a salary with the ability to earn commissions for the work performed.

50. Plaintiffs and the class members were all classified as exempt employees.

51. Plaintiffs and the class members were classified as exempt outside sales representatives.

52. Plaintiffs and the class members did not qualify as outside sales exempt employees during the period of approximately March 2020 and continuing (i.e. during the period that they were working remotely from home) because they were no longer customarily and regularly engaged away from their homes where they worked remotely for Defendant and/or from Defendant's place of business.

53. Plaintiffs and the class members worked similar hours and usually worked more than forty (40) hours per week.

54. Plaintiffs and the class members were subjected to the same pay provisions, inasmuch as they were not compensated at time-and-one-half of their regular rate for all hours worked in excess of forty (40) hours in a workweek as a result of Defendant's company-wide policies referenced herein. Thus, the class members are owed overtime wages for the same reasons as Plaintiffs.

55. Defendant's failure to compensate Plaintiffs and the class members proper overtime pay for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a uniform pay policy, applicable to all putative class members herein.

56. These policies or practices were applicable to Plaintiffs and the class Members.

57. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime wages to Plaintiffs applies to all class members. Accordingly, the class members are properly defined as:

> **All salary, plus commission employees who performed remote sales duties on behalf of Defendant within the United States from March 2020 to the present and and who were not compensated at time-and-one-half compensation for all hours worked in excess of forty (40) hours in one or more workweeks.**

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

58. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-57 above.

59. During the relevant time period (from approximately March 2020 forward) Plaintiffs, and those similarly situated to them, are/were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

60. During the relevant time period, Defendant misclassified Plaintiffs, and those situated to them nationwide, as exempt from overtime compensation.

61. During the relevant time period, Plaintiffs, and those similarly situated, regularly worked overtime hours but were not paid time and one-half compensation for same.

62. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiffs, and those similarly situated, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks during the relevant time period, Plaintiff, and those similarly situated to her, have suffered damages, plus incurring reasonable attorneys' fees and costs.

63. As a result of Defendant's willful violation of the FLSA, Plaintiffs, and those similarly situated are entitled to liquidated damages.

64. Plaintiffs are entitled to recover their attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs, and those similarly situated employees, demand judgment against Defendant for:

> a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them;

c) Liquidated damages;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Pre- and post-judgment interest as provided by law;

f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: May 18, 2022  Respectfully submitted by,

/s/ *Kimberly De Arcangelis*
Kimberly De Arcangelis, Esq.
Bar No.: 025871
Morgan & Morgan, P.A.
55 E. Monroe Street, Suite 380
Chicago, Illinois 60603
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
*Attorneys for Plaintiffs*