IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIFRANCIS VIRGILIO and BRIAN GRASER, individually and on behalf of those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FTD, LLC, <br><br> Defendant. | Case No. 1:22-CV-02628 <br><br> Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Vifrancis Virgilio and Brain Graser bring this class action suit against their former employer FTD, LLC, claiming that they were underpaid in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. FTD LLC moves to compel arbitration and dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3) on the ground that Plaintiffs previously agreed to arbitrate any disputes related to their employment, and alternatively, moves under Rule 12(b)(6) for failure to state a claim. For the reasons stated herein, this Court denies FTD LLC's motion [11].

I. Background

Plaintiffs both worked as sales employees for FTD Companies, Inc. (FTD Companies), a floral delivery business: FTC Companies hired Virgilio as a Field Business Consultant in February 2016 and Graser as an Account Manager in February 2019. [12-3] ¶¶ 5, 8 & pp. 6, 10; [1] ¶ 19. Plaintiffs both signed an offer of

1

employment (Employment Agreement) when they joined FTD Companies. [12-3] at 8, 15.

The Employment Agreement included an arbitration provision, which reads in relevant part:

> **Mutual Agreement to Arbitrate Disputes.** In the event of any dispute or claim relating to or arising out of our employment relationship, the terms of the relationship or its termination, you and the Company agree that (i) any and all such disputes between you and the Company shall be fully and finally resolved by binding arbitration, (ii) you are waiving any and all rights to a jury trial but all court remedies will be available in arbitration, (iii) all disputes shall be resolved by a neutral arbitrator who shall issue a written opinion, (iv) the arbitration shall provide for adequate discovery, (v) you are waiving any right to bring or participate in a class, collective or other representative proceeding, either in court or in the arbitration. … Your obligation to arbitrate under this provision shall survive the termination of the employer-employee relationship between you and the Company.

*Id.* at 7, 10.

In July 2019, FTD Companies filed for Chapter 11 relief in the United States Bankruptcy Court for the District of Delaware. [12-2] ¶ 3. As part of the bankruptcy proceedings, FTD Companies and Gateway Mercury Holdings, LLC (Gateway) entered into an Asset Purchase Agreement (APA), which transferred certain assets (Purchased Assets) from FTD Companies to Gateway. *Id.* ¶¶ 3, 4. Gateway then transferred the Purchased Assets to FTD LLC. *Id.* Following the bankruptcy, Plaintiffs remained employed. [12-3] ¶¶ 7, 10.

But in light the new ownership, FTC LLC required Plaintiffs to sign two new documents to keep their jobs. [19-2] ¶¶ 9–10; [19-3] ¶¶ 9–10. The first took effect on January 1, 2020 (Sales Commission Plan). [19-2] at 8–23; [19-3] at 9–24. The second

took effect on August 30, 2021 (Title Change Letter).[1] [19-2] at 25; [19-3] at 26. Neither document contained an arbitration clause nor referenced the arbitration provision in the Employment Agreement. [19-2] ¶ 11; [19-3] ¶ 11.

Because Plaintiffs initially performed their sales duties outside of FTD LLC's office, FTD LLC classified Plaintiffs as exempt from overtime compensation pursuant to the outside sales exemption of the FLSA. [1] ¶¶ 25, 28. Beginning in March 2020, FTD LLC required Plaintiffs to perform their sales duties remotely from home. *Id*. ¶¶ 29, 36. Due to this adjustment in their work setting, Plaintiffs maintain that, from March 2020 forward, they no longer qualified as exempt under the FLSA and were thus entitled to overtime compensation. *Id*. ¶¶ 40, 52. FTD LLC, however, never paid Plaintiffs overtime wages during the period that Plaintiffs worked from home. *Id*. Plaintiffs eventually ended their employment with FTD LLC, with Virgilio leaving in October 2021 and Graser leaving in January 2022. [12-3] ¶¶ 7, 10.

To redress Defendants' alleged overtime violations, Plaintiffs filed a FLSA collective action. [1]. FTD LLC moves now to dismiss this suit and compel arbitration. [11].

## II.  Analysis

Pursuant to the arbitration provision in the Employment Agreement, FTD LLC moves to dismiss the Complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(3) for improper venue. Alternatively, FTD LLC moves the Court to compel arbitration and stay these proceedings pending arbitration. FTD LLC

---

[1] The Court acknowledges that some provisions in the Title Change Letter took effect on September 1, 2021.

also moves the Court to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim. The Court addresses each of FTD LLC's motions in turn.

### A. Motion to Compel Arbitration

#### 1. Procedures

Initially, the Court notes that neither Rule 12(b)(1) nor Rule 12(b)(3) provides the proper procedural mechanism to compel arbitration in this case. Rule 12(b)(1) is inapplicable because "an agreement to arbitrate does not affect a district court's subject-matter jurisdiction." *Grasty v. Colo. Tech. Univ.*, 599 F. App'x 596, 597 (7th Cir. 2015); *see also Gabbanelli Accordions & Imports, L.L.C. v. Gabbanelli*, 575 F.3d 693, 695 (7th Cir. 2009) (instructing that "the effect of [an] arbitration clause on [a] lawsuit is in any event not jurisdictional"). Similarly, Rule 12(b)(3) is inapplicable where, as here, an arbitration clause requires arbitration *within* a district court's district; under these circumstances, "the proper course of action is" to compel arbitration and stay the proceedings rather than dismissing them outright. *Hoenig v. Karl Knauz Motors, Inc.*, 983 F. Supp. 2d 952, 961 (N.D. Ill. 2013) (citing *Tice v. Am. Airlines, Inc.*, 288 F.3d 313, 318 (7th Cir. 2002)); *see* [12-3] at 7, 10.

#### 2. The FAA

The Federal Arbitration Act (FAA) governs the enforcement, validity, and interpretation of arbitration clauses in employment contracts. *Gupta v. Morgan Stanley Smith Barney, LLC*, 934 F.3d 705, 710 (7th Cir. 2019) (citing *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 118–19 (2001)). Sections 3 and 4 of the FAA empower courts to stay litigation and compel arbitration according to the terms of the

4

parties' agreement. 9 U.S.C. §§ 3, 4. But a court "cannot require a party to submit a dispute to arbitration unless he has agreed to do so." *Gupta*, 934 F.3d at 710. Instead, to compel arbitration under the FAA, a court must first find that: (1) an enforceable written agreement to arbitrate exists between the parties; (2) there is a dispute within the scope of the arbitration agreement; and (3) one of the parties refuses to arbitrate. *Scheurer v. Fromm Family Foods LLC*, 863 F.3d 748, 752 (7th Cir. 2017). The party seeking to arbitrate bears the burden to prove that an enforceable arbitration agreement exists. *See Goplin v. WeConnect, Inc.*, 893 F.3d 488, 491 (7th Cir. 2018).

### 3. The Arbitration Provision Does Not Bind FTC LLC

Here, it is undisputed that the Employment Agreement contained a valid, written arbitration provision. [19] at 2. Plaintiffs, however, contend that the arbitration provision binds *only* Plaintiffs and FTD Companies, not Plaintiffs and FTD LLC. *Id*. As Plaintiffs argue, FTD LLC, as a non-party to the Employment Agreement, has no right to enforce the arbitration provision against Plaintiffs. *Id*. at 2–3.

In contrast, FTD LLC contends that as part of FTD Companies' bankruptcy proceedings, FTD LLC acquired an ownership interest in the Employment Agreement. [12] at 8–9. According to FTD LLC, the APA between FTD Companies and Gateway validly assigned the Employment Agreement to Gateway, who in turn validly assigned the Employment Agreement to FTD LLC. *Id*. at 1, 8. So, the argument goes, FTD LLC, as the final assignee of the Employment Agreement, has a right to enforce the arbitration provision.

The resolution of this dispute turns on the Court's interpretation of the terms of the arbitration provision and the APA. Because the ultimate issue asks whether FTD LLC can enforce the arbitration provision, state law governs the Court's analysis. *Scheurer*, 863 F.3d at 752–53. Neither party has presented arguments regarding which state's laws should apply to these contracts. Where no party raises a choice of law issue, the Court applies the forum state's substantive law. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014). The Court thus applies Illinois law to its analysis.[2]

Under Illinois law, courts interpret the words of a contract provision in the context of the agreement. *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 618 (7th Cir. 2019) ("[B]ecause words derive their meaning from the context in which they are used, a contract must be construed as a whole, viewing each part in light of the others.") (quoting *Gallagher v. Lenart*, 874 N.E.2d 43, 58 (Ill. 2007)). Courts give clear and unambiguous contract terms their plain and ordinary meaning. *Thompson v. Gordon*, 948 N.E.2d 39, 47 (Ill. 2011).

The arbitration provision in the Employment Agreement requires arbitration of "any dispute or claim relating to or arising out of our employment relationship, the terms of the relationship or its termination." [12-3] at 7, 10. While "employment relationship" is not defined, the subsequent clause "you and the Company" indicates

---

[2] Although the APA contains a Delaware choice of law provision, such provisions are not binding and can be waived where parties fail to invoke them in litigation. *Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019). Here, since the parties fail to address the Delaware choice of law provision and rely extensively, if not exclusively, on Illinois law to support their respective interpretations of the APA, the Court finds that the parties waived application of the Delaware choice of law provision.

6

that the relevant "employment relationship" is between the Plaintiffs and "the Company." *Id*. "Company" refers to "FTD Companies, Inc." only, not to its assignees, successors, heirs, or transferees. *Id*. at 6, 10.

Based on this plain language, Plaintiffs undoubtedly agreed to arbitrate claims that arose from their "employment relationship" with FTD Companies. But outside the bounds of that specific relationship, the arbitration provision does not govern. The scope of the arbitration provision ends when Plaintiffs' employment relationship with FTD Companies ends. Although Plaintiffs' obligation to arbitrate continues post-employment, *id*. ("[y]our obligation to arbitrate under this provision shall survive the termination of the employer-employee relationship"), under that plain language, the claims subject to arbitration still must have arisen during Plaintiffs' employment relationship with FTD Companies.

Because the arbitration provision only applies to claims related to Plaintiffs' employment relationship with FTD Companies, the Court asks whether that employment relationship simply "transferred" to FTD LLC after the bankruptcy. To answer that, the Court looks to the APA. Both parties agree that the APA transferred title and rights in certain Purchased Assets from FTD Companies, via Gateway, to FTD LLC. The parties dispute, however, whether the transfer included the rights under the Employment Agreement—and with it, the arbitration provision.[3]

---

[3] The parties also dispute whether, under Illinois law, an arbitration provision that is silent on assignability can be transferred. [19] at 6–7. Because the Court resolves the enforceability of the arbitration provision on other grounds, the Court need not reach this issue.

7

It did not. The APA confirms this point. According to Section 8.9(a), FTD LLC was obligated to "offer employment to [employees of FTD Companies], [with] such employment to commence immediately following" the closing of the APA. [12-1] at 119–20 (Section 8.9(a) of the APA). Employees of FTD Companies who accepted FTD LLC's offer would be considered "Transferred Employees." *Id.* at 120. Then, immediately prior to the closing, FTD Companies would "terminate the employment of all . . . Transferred Employees, effective immediately prior to the closing." *Id.*

The effect of Section 8.9(a) is unambiguous. *Boone v. MB Fin. Bank, N.A.*, 375 F. Supp. 3d 987, 992 (N.D. Ill. 2019) (noting that "if a contract unambiguously answers the issue raised by a party, the court gives effect to the written contract"). FTD LLC would make employment offers to employees of FTD Companies. If an employee accepted, their employment relationship with FTD Companies would terminate prior to the closing date of the APA. Then, after the closing date, the employee would begin a new employment relationship with FTD LLC. Section 8.9(a) of the APA does not contemplate a transfer of Plaintiffs' employment relationship with FTD Companies.[4] Rather, Section 8.9(a) contemplates two separate employment relationships: one between Plaintiffs and FTD Companies occurring before closing, and the other

---

[4] Section 2.1(b)(v) of the APA further supports this conclusion. Section 2.1(b)(v) limits the definition of Purchased Assets in Section 2.1(b) by explaining that the transferred assets do not include contracts that are expired as of the closing date. [12-1] at 84; *see also Bank of Commerce v. Hoffman*, 829 F.3d 542, 548 (7th Cir. 2016) (noting that under Illinois law "the more specific provision relating to the same subject matter controls over the more general provision") (quotation omitted). Since Section 8.9(a) explains that Plaintiffs' employment relationship with FTD Companies terminated *before* closing, by extension, the Employment Agreement would also expire prior to the closing date, and thus would not qualify as a Purchased Asset.

8

between Plaintiffs and FTD LLC occurring after closing. As previously noted, the arbitration provision only covers the former, not the latter.

Resisting this conclusion, FTD LLC contends that Plaintiffs' continued post-bankruptcy employment with FTD LLC manifested assent to the terms of the Employment Agreement and, by extension, the arbitration provision contained therein. [12] at 9–10. Not so. Under the FAA, agreements to arbitrate must be in writing. 9 U.S.C. §§ 2–4. Here, there is no evidence of any written, post-bankruptcy arbitration agreement between Plaintiffs and FTD LLC. Additionally, an "expired agreement to arbitrate does not compel arbitration of claims arising from later business dealings – even if the parties continued to do business on the same terms as under the expired agreement." *Varma v. TCC Wireless, LLC*, 478 F. Supp. 3d 724, 732 (N.D. Ill. 2020) (citing *Nissan N. Am., Inc. v. Jim M'Lady Oldsmobile, Inc.*, 486 F.3d 989, 994–95 (7th Cir. 2007)). True, the arbitration provision does not contain an express expiration date. But the arbitration provision was expressly limited to the "employment relationship between Plaintiffs and FTD Companies." Once FTD Companies, pursuant to the APA, terminated that relationship, the arbitration provision also expired. *See id.* (finding the same). Thus, even if Plaintiffs continued to perform under pre-bankruptcy terms, FTC LLC still cannot enforce the now-expired arbitration provision.[5]

---

[5] This is not to say that expired arbitration clauses are never enforceable. They are. But only when the claims at issue "arise out of or relate to" the subject-matter of the arbitration provision. *Thomas v. Am. Gen. Fin., Inc.*, 08 C 3009, 2009 WL 781078, at *4 (N.D. Ill. Mar. 23, 2009) (quoting *Kiefer Specialty Flooring, Inc. v. Tarkett,* 174 F.3d 907, 910 (7th Cir. 1999)). Here, the Complaint does not allege any claims that predate the expiration of the arbitration provision.

9

A party "cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Scheurer*, 863 F.3d at 752 (quotation omitted). Here, the arbitration provision did not govern the employment relationship between Plaintiffs and FTD LCC. Rather, it was strictly limited to the employment relationship between Plaintiffs and FTD Companies, and no more. And while Plaintiffs did sign two new documents during their employment relationship with FTD LLC—the Sales Commission Plan and the Title Change Letter—neither of those documents contain an arbitration clause nor incorporate by reference the arbitration provision of the Employment Agreement. *Gupta*, 934 F.3d at 710 (explaining that "there must be an express intent to incorporate" terms into a new contract) (quotation omitted).

FTD LLC may have just assumed that the Employment Agreement, including the arbitration provision, still governed when Plaintiffs joined FTD LLC. After all, besides the Sales Commission Plan and Title Change Letter, there is no evidence that Plaintiffs signed any new-hire paperwork with FTD LLC. But "an unstated assumption is not good enough to compel arbitration." *Varma*, 478 F. Supp. 3d at 743. FTD LLC must supply evidence of an agreement to arbitrate with FTD LLC, not just with FTD Companies. *Id.* (citing *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002)). FTD LLC has not done that here. Accordingly, the Court denies FTD LCC's motion to compel arbitration.

### B. Failure to State a Claim

Because the parties did not agree to arbitrate, this Court now considers the merits of FTD LLC motion to dismiss the complaint under Rule 12(b)(6) for failure to state

10

a claim for unpaid overtime under the FLSA. [12] at 12. "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). In the FLSA context, a "claim for overtime wages is plausible if the plaintiff's factual allegations support a reasonable inference that there was at least one workweek in which he worked more than forty hours and did not receive overtime pay." *Frisby v. Sky Chefs, Inc.*, 19 C 7989, 2020 WL 4437805, at *5 (N.D. Ill. Aug. 3, 2020) (citing *Hirst v. Skywest, Inc.,* 910 F.3d 961, 966 (7th Cir. 2018)). Plaintiffs need not "plead specific dates and times that they worked undercompensated hours," but still must "provide some factual context that will nudge their claim from conceivable to plausible" and "allege facts demonstrating there was *at least one* workweek in which they worked in excess of forty hours and were not paid overtime wages." *Hirst,* 910 F.3d at 966 (first quoting *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017); then quoting *Landers v. Quality Comm., Inc.*, 771 F.3d 638, 646 (9th Cir. 2014)).

Plaintiffs allege that while they were working for FTD LLC from March 2020 forward, they regularly worked in excess of 40 hours a week as part of their job duties, and that despite working more than 40 hours per week, FTD LLC failed to pay Plaintiffs overtime compensation for all hours worked in excess of 40 hours per week. [1] ¶¶ 38–40, 61–62. This sufficiently meets the requirement that Plaintiffs plead at

11

least one workweek of unpaid overtime wages. *See Hirst*, 910 F.3d at 966. Additionally, Plaintiffs provide a credible basis for the misclassification: in March 2020, FTD LLC switched their job duties from outside sales, which are exempt, to inside sales, which are not. These allegations, taken as a whole, "nudge [Plaintiffs'] claim from conceivable to plausible." *Id.* at 966.

FTD LLC's cited cases do not change the Court's conclusion. Of those cases, only *Lucero* expressly deals with a situation involving an FLSA overtime compensation claim based on a misclassification. *See Lucero v. Leona's Pizzeria, Inc.,* 14 C 5612, 2015 WL 191176 (N.D. Ill. Jan. 13, 2015). *Lucero*, however, *supports* Plaintiffs' claim. In *Lucero*, the plaintiff's complaint alleged that defendants "improperly categorized [him]" which had "the effect of not compensating Plaintiff overtime hours for all hours worked in excess of forty (40) hours in a regular work week." *Id.* at *1 (alteration in original). The court found dismissal inappropriate because the defendant was "not left to guess at when the plaintiff contends he was underpaid." *Id.* at *2. Instead, the complaint put the defendant on notice of its wrongdoing: due to the misclassification, the defendant underpaid the plaintiff during all weeks in which he worked for the defendant. Similarly, here, the complaint clearly puts FTD LLC on notice as to which dates or times Plaintiffs were underpaid—namely, *every* week from March 2020 forward. As such, the Court denies FTD LLC's Rule 12(b)(6) motion.

### III. Conclusion

For the stated reasons, this Court denies FTD LLC's motions to dismiss or compel arbitration [11]. FTC LLC is directed to answer the complaint by January 31, 2023.

12

E N T E R:

Dated: January 10, 2023

MARY M. ROWLAND
United States District Judge

13